UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KAREN FENNELL, JAMES JORDAN, JR.            Case No.
and ANTHONY SOLIS,
              Plaintiffs,                     **COMPLAINT**

    -against-                                       JURY DEMAND

THE CITY OF NEW YORK, and JOHN DOE
AND JANE DOE #1-20 (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),
              Defendants.
-------------------------------------------------------------X

Plaintiffs, KAREN FENNELL, JAMES JORDAN, JR. and ANTHONY SOLIS, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, and John Doe and Jane Doe #1-20 (collectively, "defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5. At all relevant times, defendants John Doe and Jane Doe #1-20 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiffs are suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about July 18, 2013, at approximately 8:00 a.m., defendant officers, acting in concert and without cause, arrested James and Anthony at plaintiffs' home which is located at 44 Sumner Avenue, Apt. 4C, Brooklyn, New York, and subsequently charged James with PL 265.01(1) 'Criminal possession of a weapon in the fourth degree' and levied other unspecified charge(s) against Anthony who was visiting his friend James at the time.

10. Neither plaintiff however committed any crime or offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. Prior to the arrest, defendant officers stormed into the plaintiffs' home without any warrant and proceeded to perform a warrantless search of the plaintiffs' home.

12. Even though defendant officers did not recover any contraband from their warrantless search of the plaintiffs' home, defendant officers nonetheless tightly handcuff James and Anthony and transported them to the NYPD-79th Precinct for arrest processing.

13. While at the precinct, James was interrogated by defendant officers who kept asking James to provide them with information concerning drugs and guns in his neighborhood and concerning certain individuals who James doesn't even know.

14. Eventually, after detaining James and Anthony for several hours, defendant officers released James and Anthony from their unlawful detention but directed them to appear in court to defend the false charges levied against them.

15. Eventually, after multiple court appearances, the false charges levied against James and Anthony were summarily dismissed.

16. On or about March 17, 2006, prior to the arrest, Karen's husband and James' dad, James E. Jordan, unfortunately passed away.

17. Since that time, including at least four (4) separate occasions this year, defendant officers have appeared at the plaintiffs' home on numerous occasions claiming that they had an arrest warrant for the late James E. Jordan.

18. Even though the plaintiffs have been forced to take the extraordinary step of affixing James E. Jordan's Death Certificate on their front door indicating that James E. Jordan passed away in March 2006, defendant officers still continue to force their way into the plaintiffs' home under the guise of executing an arrest warrant against said deceased individual.

19. On virtually each and every occasion that defendant officers unlawfully entered into the plaintiffs' home, they proceeded to perform a warrantless search of the said home.

20. Because of the constant assault and harassment by defendant officers, Anthony is now terrified to visit his friend's house and the plaintiffs are now terrified to live in their own home.

21. At the time of the arrest, defendant officers seized and/or appropriated to themselves several of plaintiffs' properties including, but not limited to, James' state issued identity card, and have refused to return aforesaid items to the plaintiffs.

22. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein knew and was fully aware that the search was illegal and that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

23. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

24. As a result of the aforesaid actions by defendant officers, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

<u>FIRST CAUSE OF ACTION: 42 U.S.C. § 1983</u>

25. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. The conduct of defendant officers, as described herein, amounted to false arrest, unlawful entry, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, unlawful taking of private property, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of right to a fair trial, denial of due process rights and malicious prosecution.

27. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

28. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

29. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

30. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

31. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

32. Upon information and belief, many of the named individual defendants have a lengthy substantiated history of police misconduct, fraud and dishonesty. Further, many of the named individual defendants are named defendants in numerous lawsuits in this district and in the Southern District of New York alleging similar claims as those alleged herein -- many of which lawsuits have been settled by defendant City of New York with said defendant making substantial monetary payments to the plaintiffs in the said lawsuits.

5

33. In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-79th Precinct -- as the named individual defendants -- routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

34. Most of the arrests and charges made by officers assigned to the NYPD-79th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

35. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-79th Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Shamarlon Villafana v. City of New York* (13 CV 3591); *Anderson Charles v. City of New York* (13 CV 2546); *Latisha Thomas v. City of New York* (12 CV 5061); *Cymantha Holly v. City of New York* (12 CV 4323); *Nicholls Olwyn v. City of New York* (08 CV 2098).

36. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

37. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

38. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

39. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. In an effort to find fault to use against the plaintiffs, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

41. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

43. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving the plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

44. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and

7

        took numerous overt steps in furtherance of such conspiracy, as set forth above.

45.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

46.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

FIFTH CAUSE OF ACTION: OTHER NEW YORK TORTS

47.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, trespass, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, special injury, loss of consortium, harassment, tortuous interference, abuse of power, fraud, negligent and intentional infliction of emotional distress and negligent hiring and retention of defendant officers.

49.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

    a.     For compensatory damages against all defendants in an amount to be proven at trial;

    b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
       May 2, 2014

                UGO UZOH, P.C.

                /s/

                _____
      By:    Ugochukwu Uzoh (UU-9076)
              Attorney for the Plaintiffs
              304 Livingston Street, Suite 2R
              Brooklyn, NY 11217
              Tel. No: (718) 874-6045
              Fax No: (718) 576-2685
              Email: u.ugochukwu@yahoo.com